IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BARRY J. DILLON,

                 Plaintiff,

v.                                        CIVIL ACTION NO.   2:16-04330

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

                 Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Partial Motion to Dismiss (ECF No. 5) for failure to state a claim under Federal Rule 12(b)(6).[1]   The matter has been fully briefed, and the issue is now ripe for review.   For the following reasons, the Court **GRANTS** Defendant's Partial Motion to Dismiss (ECF No. 5).

**I.**        **Background**

Plaintiff brought this suit to challenge the Social Security Administration's (SSA) redetermination process that resulted in an Administrative Law Judge (ALJ) terminating Plaintiff's disability benefits.[2]   The Office of the Inspector General (OIG) investigated Attorney Eric C. Conn for fraudulent activity in over one thousand social security cases.   *Def.'s Br. in Supp.*, ECF

---

[1] This case was originally assigned to District Judge Thomas E. Johnston of this district. The case was transferred to this Court on January 12, 2017.   *See Order*, ECF No. 12.

[2] For a thorough discussion on the SSA redetermination process and corresponding statutes in the Social Security Act, see the Court's recent analysis in *Robertson v. Berryhill*, Civ. No. 3:16-3846, ECF No. 40 (S.D.W. Va.).

No. 6, at 5.   The OIG reported that it had reason to believe that Conn and his law firm submitted pre-completed template medical forms from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., and David P. Herr, D.O. to ALJ David Daugherty for approval.   *Id.* at 5-6.   Upon receiving the OIG referral, the Social Security Act (the Act) mandates the SSA to redetermine the cases suspected of containing fraud or similar fault.   *Id.*   The SSA must disregard any evidence from the allegedly fraudulent sources when conducting the redetermination.   *Id.*

Plaintiff hired Conn to represent Plaintiff when he applied for disability benefits.   *Id.* Plaintiff allegedly suffers from diverticulitis, high blood pressure, ulcerative colitis, permanent colostomy, arthritis, hearing loss, and headaches.   *Id.* at ¶ 6.   In March of 2009, ALJ Daugherty issued Plaintiff a favorable decision on his disability application.   *Id.* at ¶ 16.   In June of 2015, however, Plaintiff received a letter from the SSA suspending his benefits because "there was reason to believe fraud was involved in certain cases including evidence from M.D., Frederic Huffnagle."   *Id.* at ¶ 17.   Following the statutory mandate, the SSA excluded Huffnagle's reports from Plaintiff's file upon review.   *Def.'s Br. in Supp.*, ECF No. 6, at 6.   Plaintiff appeared for a video hearing on redetermination in front of a new ALJ in December of 2015.   *Id.*   Subsequently, Plaintiff received a Notice of Appeals Council Action that confirmed the ALJ's decision that Plaintiff's file contained insufficient evidence to support disability.   *Pl.'s Compl.*, ECF No. 1, at ¶ 18.   The SSA terminated Plaintiff's benefits, which prompted this litigation.

Plaintiff filed suit on May 11, 2016 in federal court to seek a declaratory judgment that Defendant violated the Act, the Due Process Clause of the Constitution, the Equal Protection Clause of the Constitution, and the Administrative Procedures Act (APA).   *Id.* at ¶ 28.   Alleging violations of the Act, Plaintiff asserts that Defendant failed to immediately redetermine benefits as required and failed to provide Plaintiff an opportunity to rebut the fraudulent determination of

Huffnagle's medical evidence.  *Id.* at ¶¶ 32-33.  Plaintiff alleges that Defendant violated due process by relying on confidential decisions of fraudulent activity to justify conducting mass hearings for redetermination.  *Id.* at ¶ 42.  The Equal Protection Clause argument states that Defendant failed to allege wrongdoing against the Plaintiff and thus cannot take away Plaintiff's social security disability benefits.  *Id.* at ¶¶ 45-46.  The arguments for violations of the APA are contained within the due process section, alleging that Defendant did not follow the requisite procedures contained therein.  *Id.* at ¶ 42.  Defendant filed a motion to dismiss the constitutional and statutory arguments for failure to state a claim.  Defendant interpreted the complaint's prayer for relief to include a substantive cause of action challenging the Commissioner's final decision, which Defendant does not include in the motion to dismiss.  *Def.'s Partial Mot. to Dismiss*, ECF No. 6, at 4 n.3.

## II.     Legal Standard

Federal Rule 8(a) requires a complaint to include "a short and plain statement of the claim … showing entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2).  To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must also be plausible.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (internal quotations and citations omitted).  A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).

-3-

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

## III.     Discussion

The Court recently issued a Memorandum Opinion and Order in a similar case addressing the constitutionality and legality of the redetermination process. *See Robertson v. Berryhill*, Civ. No. 3:16-3846, ECF No. 40 (S.D.W. Va.). Rather than repeat the full analysis here, the Court directs the parties to the opinion granting the Commissioner's motion to dismiss in that case.[3] As this case asserts many of the same legal issues as discussed in *Robertson*, the Court adopts and incorporates the analysis of the *Robertson* Order here. Plaintiff additionally alleges that a declaratory judgment should be issued for legal reasons not raised in *Robertson*, including due process failures for not providing particularized or sufficient notice and causing a representational crisis, equal protection concerns, and APA allegations construed to allege failures in notice and comment rulemaking. The Court will address each of these additional arguments in turn.

---

[3] The Court notes that the immediacy allegations in *Robertson* were characterized under due process and not violations of the Act as Plaintiff alleges here. The analysis dismissing the claim addresses the same arguments as Plaintiff presents, so the Court adopts the *Robertson* discussion in full.

-4-

### a.  Due Process Allegations

Plaintiff's due process allegations address the SSA's alleged failure to provide particularized notice to Plaintiff with an individual explanation as to why redetermination was necessary.  *Pl.'s Compl.*, ECF No. 1, at ¶ 40.  Defendant challenges this allegation because the SSA provided Plaintiff with notices to inform him of the redetermination process, the OIG's finding that there was reason to believe fraud was involved in acquiring Plaintiff's benefits, and the subsequent events to follow in redetermining his benefits.  *Def.'s Br. in Supp.*, ECF No. 6, at 12; *see also Pl.'s Compl.*, ECF No. 1, at ¶¶ 6 (appearing at redetermination hearing), 17 (notice of reason to believe fraud was involved with Huffnagle's reports), and 18 (denial of benefits without evidence from Huffnagle).  Plaintiff failed to respond to Defendant's arguments in his Response.  *See Hayes v. D.C.*, 923 F. Supp. 2d 44, 49 (D.D.C. 2013) (finding that a court can consider an argument conceded if not addressed in dispositive motion response).

The Court finds that Defendant's notice to Plaintiff satisfied the requirements of the Act and afforded Plaintiff due process.  Although the letters sent to affected claimants are identical, each letter includes the necessary information: reason for redetermination, doctors involved in the fraudulent scheme, statutory mandate for redetermination process, and steps involved in the redetermination process.  *See Notice of Appeals Council Action*, ECF No. 5-4.[4]  The letters follow the notice requirements stated in 42 U.S.C. § 405(s), and the Court is not aware of other

---

[4] Plaintiff's complaint incorporates the Notice of Appeals Council Action Letter by reference in paragraph 18.  *See Pl.'s Compl.*, ECF No. 1, at ¶ 18; *see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[A] court may consider [documents] in determining whether to dismiss a complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.").  Plaintiff has not challenged the authenticity of the Notice, and the Court used the document in forming the analysis to dismiss Plaintiff's claim.

regulations which demand more individualized information than what was already required. The Court, thus, finds Plaintiff's allegation to be without merit.

Plaintiff also alleges that Defendant caused a representational crisis by having redeterminations for hundreds of claimants at the same time, violating Plaintiff's individual due process rights. *Pl.'s Compl.*, ECF No. 1, at ¶ 41. Defendant argues that social security disability hearings do not require legal counsel representation, so the SSA could not violate Plaintiff's due process rights in this regard. *Def.'s Br. in Supp.*, ECF No. 6, at 14. Plaintiff also failed to respond to this argument in his Response.

Social security disability hearings are designed to be non-adversarial so claimants can receive meaningful hearings without requiring the assistance of counsel. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial."). "The Supreme Court has never recognized a constitutional right to counsel at an SSA hearing." *Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992). However, a claimant has a right to have counsel present at the SSA hearing if the claimant so chooses. *See* 42 U.S.C. § 406 (recognizing attorney representation). This right does not require the SSA to provide counsel, to find free counsel, or to delay proceedings until a claimant can retain counsel. The Hearings, Appeals, and Litigation Law manual (HALLEX) gives an ALJ the ability to assist claimants in finding counsel, but this assistance is not mandatory. *See* HALLEX I-2-6-52(C) (allowing claimant to request postponement to obtain legal representation).

The Due Process Clause of the Constitution guarantees a claimant's right "to be heard at a meaningful time in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The SSA provided Plaintiff full due process rights by allowing him time to find legal representation even when not constitutionally mandated. Moreover, Plaintiff chose to represent himself and

could have requested a postponement if he wanted to have attorney representation at the redetermination hearing.  *Pl.'s Compl.*, ECF No. 1, at ¶ 6.   The Court agrees that Plaintiff cannot state a due process claim for a representational crisis when Plaintiff freely chose to represent himself at the redetermination hearing, which is inquisitorial in nature, and when Defendant is not constitutionally required to provide legal counsel in the first place.   Plaintiff has received full due process rights as required by the Constitution, and the Court, therefore, finds that all of the due process claims must be **DISMISSED**.

### b.  Equal Protection Allegations

Citing the Equal Protection Clause of the Constitution, Plaintiff claims that the SSA's violations justify a declaratory judgment in his favor.   In the complaint, Plaintiff simply alleges that Defendant violated the Equal Protection Clause, that Plaintiff received disability benefits, and that Defendant failed to allege any wrongdoing against Plaintiff.   *Pl.'s Compl.*, ECF No. 1, at ¶¶ 44-46.   Plaintiff did not expand on these allegations in the Response, and Defendant argues that these bare assertions cannot state a claim.   *Def.'s Br. in Supp.*, ECF No. 6, at 13.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."   *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).   The Court agrees with Defendant that Plaintiff failed to allege any facts to support different treatment or purposeful discrimination.   Redetermination proceedings are not discriminatory conduct used to single out certain disabled claimants from the larger pool of people with disabilities receiving benefits.   Plaintiff has failed to make any assertion to support this allegation and does not address it within the Response.   Thus, the Court must **DISMISS** the equal protection claim.

### c.  APA Allegations

The complaint does not contain specific APA violations, so Defendant construes the complaint to question the SSA's failure to put the HALLEX through notice and comment rulemaking procedures.   *Def.'s Br. in Supp.*, ECF No. 6, at 14.   Plaintiff clarifies in the Response that the APA violations include the lack of formal adjudicative procedures, the reliance on the OIG referral in violation of 5 U.S.C. § 554(d), and the notice and comment rulemaking.[5]   *Pl.'s Resp.*, ECF No. 7, at 5-8.   The first two alleged violations are thoroughly discussed in *Robertson*, and the Court will only address the notice and comment rulemaking here.

The APA requires an agency to give notice of any proposed rules by publishing these changes in the Federal Register.   5 U.S.C. § 553(b).   However, the statute specifically exempts "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice" from being subject to the notice and comment requirements.   *Id.*   The HALLEX manual "conveys guiding principles, procedural guidance and information" to the SSA staff.   *See* HALLEX I-1-0-1.   These principles are not rules that bind and are not required to go through the APA requirements for notice and comment.   *See Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) ("the Claims Manual is not a regulation.   It has no legal force, and it does not bind the SSA."); *Carter v. Colvin*, Civ. No. 0:16-017-DCR, 2016 WL 6794790, at *15 (Nov. 15, 2016).   Therefore,

---

[5] The Court notes that Plaintiff's complaint fails to assert any of the specific statutory violations that Plaintiff discusses in his Response.   The Court arguably could dismiss the claims under the APA for failure to state a claim due to this fact alone.   Nothing in the complaint clearly discusses a break from notice and comment rulemaking or violations of 5 U.S.C. § 554(d) and formal adjudication procedures.   The Court, however, construes the vague assertions that Defendant conducted redetermination hearings when "not subject to the requisite procedures under the [APA]" to allow the discussion on the detailed alleged violations brought to light only through the briefing.

the Court finds that Plaintiff cannot maintain a claim for violations of the APA and **DISMISSES** these claims.

This leaves Plaintiff with the substantive challenge to his denial of benefits.   Defendant construed Plaintiff's complaint to include a challenge to the final decision regarding Plaintiff's benefits even though Plaintiff did not list the substantive challenge as a separate cause of action. *See Def.'s Partial Mot. to Dismiss*, ECF No. 5, at 4 n.3.   The Court will allow this cause of action to continue at this time.[6]   Therefore, Plaintiff's remaining claim against Defendant is that the Commissioner's final decision is not supported by sufficient evidence.

## IV.    Conclusion

Accordingly, the Court **GRANTS** Defendant's Partial Motion to Dismiss (ECF No. 5). Count I of Plaintiff's Complaint regarding the declaratory action is hereby **DISMISSED**. Whether the Administrative Law Judge relied on substantial evidence in the decision to terminate Plaintiff's benefits remains pending.   The Court **DIRECTS** the Clerk to refer the remaining claim to the magistrate judge pursuant to this Court's Standing Order (ECF No. 3).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:          March 28, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[6] Although the Court dismissed a similar "claim" in *Robertson* for failure to create a substantive cause of action when relying only on the prayer for relief, the parties in that case did not discuss the possibility that the plaintiff could maintain a substantive cause of action regarding the final ALJ decision.   *See Robertson*, Civ. No. 3:16-3846, ECF No. 40 (S.D.W. Va.).   Here, since Defendant has elected to ask only for partial dismissal and agrees that a substantive challenge can continue, the Court will dismiss only the procedural allegations.